UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEON M. LYNCH,

    Petitioner,

vs.     Case No. 3:09-cv-195-J-20MCR

WALTER A. MCNEIL,
et al.,

    Respondents.

---

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Keon M. Lynch, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on March 1, 2009, pursuant to the mailbox rule.[1] Petitioner challenges a 2003 state court (Duval County, Florida) judgment of conviction for two counts of attempted second degree murder and two counts of aggravated assault on four grounds.

---

[1] The Petition (Doc. #1) was filed in this Court on March 4, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (March 1, 2009). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss (Doc. #12), filed October 1, 2009.[2] Petitioner was given admonitions and a time frame to respond to this contention. See Court's Order to Show Cause and Notice to Petitioner (Doc. #8). Petitioner has not replied. This case is ripe for review.

The following procedural history is relevant. On December 21, 2001, the State of Florida filed an Information, which was subsequently amended on May 16, 2003, charging Petitioner with two counts of armed burglary, one count of possession of a firearm by a convicted felon, two counts of attempted second degree murder and two counts of aggravated assault. Resp. Ex. B at 13-15, 77-79. After a trial by jury, the trial court, on June 27, 2003, rendered a judgment and adjudicated Petitioner guilty of the two counts of aggravated assault and the two counts of attempted second degree murder and sentenced him to life in prison with a twenty-year mandatory minimum on the attempted second degree murder counts and ten years in prison with a ten-year mandatory minimum on the aggravated assault counts. Id. at 169-77.

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

On appeal, the parties filed briefs. Resp. Exs. D; E. On September 29, 2004, the First District Court of Appeal affirmed Petitioner's conviction and sentence per curiam without issuing a written opinion, see Resp. Ex. F, and the mandate was issued on October 15, 2004, see Resp. Ex. G. Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on December 28, 2004 (90 days from September 29, 2004). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rule 13.3. Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (December 28, 2005). His Petition, filed in this Court on March 1, 2009, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Almost two years later, Petitioner filed his first pro se motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on September 19, 2006. Resp. Ex. H at 1-12. Thus, at the time that Petitioner filed this Rule 3.850 motion, the one-year

limitation period had already expired.[3] On October 5, 2006, the court entered a preliminary order, id. at 13-15, conducted an evidentiary hearing and then denied the motion on November 2, 2006. Id. at 20-47. Petitioner appealed, but failed to comply with the order of that court, and his appeal was dismissed as a result on February 5, 2007. Resp. Exs. I; J.

On September 18, 2007, Petitioner filed a second pro se motion for post conviction relief. Resp. Ex. K at 1-12. On September 27, 2007, the trial court denied the motion as procedurally barred. Id. at 13-17. On May 30, 2008, the appellate court affirmed the denial per curiam, and the mandate was issued on July 24, 2008. Resp. Ex. M. Again, at the time that Petitioner filed this Rule 3.850 motion, the one-year limitation period had already expired.

Thus, the instant Petition, which was delivered to prison authorities for mailing to this Court on March 1, 2009 (1524 days after the expiration of the time for Petitioner to seek a writ of

---

[3] See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

certiorari to the United States Supreme Court) is untimely and is due to be dismissed. The Petition is 1159 days late.

Petitioner has failed to set forth any facts supporting a conclusion that he is entitled to equitable tolling. See Petition at 14. The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Petitioner has not met this burden.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #12) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

certiorari to the United States Supreme Court) is untimely and is due to be dismissed. The Petition is 1159 days late.

Petitioner has failed to set forth any facts supporting a conclusion that he is entitled to equitable tolling. See Petition at 14. The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Petitioner has not met this burden.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #12) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ____ day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE

sc 11/3
c:
Keon M. Lynch
Assistant Attorney General (Heller)